UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA M. MILES, | NO. CV 11-8564-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**PROCEEDINGS**

Plaintiff filed a Complaint on October 20, 2011, seeking review of the Commissioner's denial of benefits. The parties filed a "Consent to Proceed Before a United States Magistrate Judge" on November 10, 2011.

Plaintiff filed a "Motion for Summary Judgment" on April 2, 2012. Defendant filed a "Motion for Summary Judgment" on May 2, 2012. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed October 21,

2011.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff filed an application for benefits on August 28, 2007, alleging disability beginning February 19, 2002 (Administrative Record ("A.R.") 119-25). In an accompanying "Disability Report," Plaintiff identified the "illnesses, injuries, or conditions that limit [her] ability to work" as "chronic pain in both legs, knees and feet" (A.R. 129). Later in the administrative process, Plaintiff added that she had been "in a car accident Dec. 3, 2007 and was later diagnosed with fibromyalgia, neck, hand and arm tremors" (A.R. 170). When examined by a consultative psychiatrist in June of 2008, Plaintiff denied she had any mental illness, denied receiving any type of mental health treatment, and reported no limitations in functioning due to any mental problem (A.R. 666-69). In a subsequent hearing before an Administrative Law Judge ("ALJ"), Plaintiff complained only of alleged pain, fibromyalgia, loss of control of her body, dizziness, blackouts, headaches, seizures, hearing deficits, and incontinence (A.R. 42-53). Thus, neither before nor during the administrative hearing did Plaintiff ever claim to have any mental impairment.

Not surprisingly, the evidence before the ALJ of any significant mental impairment was essentially nonexistent. The consultative psychiatrist gave no mental diagnosis, stating that "[w]hile the claimant does have complaints of depression, they are not out of the context of psychosocial medical stressors she is experiencing, and she does not meet diagnostic criteria for an Axis I diagnosis. As such,

2

1  she has no symptoms of a major mental illness that would impair her
2  ability to tolerate the stress inherent in the work environment,
3  maintain regular attendance, or work without supervision" (A.R. 669).
4  Although Plaintiff at one point listed "trazodone" as an
5  "antidepressant medication" (A.R. 173), she reportedly was "not
6  currently taking any psychiatric medications" as of June of 2008 (A.R.
7  667).  A non-examining physician reviewed the record and found no
8  medically determinable mental impairment as of July of 2008 (A.R.
9  670).  In a note dated March 24, 2009, Dr. F.L. Irwin assessed
10 "anxiety/depression," along with "chronic neck pain . . . cervical
11 degenerative disc disease . . . cervical disc protrusion . . .
12 cervical facet dysfunction . . . chronic pain syndrome . . . [and]
13 fibromyalgia" (A.R. 789).  Dr. Irwin did not offer an opinion
14 regarding any functional limitation, did not prescribe any medication
15 or treatment for "anxiety/depression," and in fact refused to
16 prescribe the narcotics that Plaintiff requested (A.R. 789).

18    On June 16, 2009, the ALJ issued a decision finding Plaintiff not
19 disabled (A.R. 31-36).  This decision, which did not find any severe
20 mental impairment, eventually became the final decision of the
21 Administration (Id.; see A.R. 1).

23    Plaintiff challenges this decision, arguing that the decision
24 should have "use[d] the psychiatric review technique" in evaluating
25 and assessing a possible mental impairment.  In support of her
26 argument, Plaintiff cites 20 C.F.R. sections 404.1520a, 416.920a and
27 Keyser v. Commissioner, 648 F.3d 721 (9th Cir. 2011) ("Keyser").
28 ///

3

1    Plaintiff's challenge relies largely on evidence that was not
2    available to the ALJ.  Following the ALJ's adverse decision, Plaintiff
3    submitted to the Appeals Council for the first time over 600 pages of
4    additional materials, including some new evidence of alleged mental
5    problems (A.R. 4-5).  This new evidence, dated more than eight months
6    after the ALJ's decision, reflects that Plaintiff underwent an
7    "initial assessment" in February of 2010, which diagnosed a "mood
8    disorder" (A.R. 833).  Records dated later in 2010 mention depression
9    and the prescribing of medication for depression (A.R. 837).  None of
10   the newly-submitted documents appear to contain any medical opinion
11   concerning Plaintiff's mental health condition during the relevant
12   time frame (February 19, 2002 - June 16, 2009).  Nor do these
13   documents appear to contain any medical opinion concerning any
14   functional limitation assertedly resulting from Plaintiff's supposed
15   "mood disorder" or "depression," although one of the documents did
16   rate Plaintiff's GAF at 50 as of February 12, 2010 (A.R. 833).

18       The Appeals Council considered the newly-submitted evidence, but
19   denied review (A.R. 1-3).

**STANDARD OF REVIEW**

23       Under 42 U.S.C. section 405(g), this Court reviews the
24   Administration's decision to determine if: (1) the Administration's
25   findings are supported by substantial evidence; and (2) the
26   Administration used correct legal standards.  See Carmickle v.
27   Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
28   499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

Where, as here, the Appeals Council considered additional material but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis. See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (reviewing court properly may consider materials submitted to the Appeals Council when the Appeals Council addressed the materials in denying review); Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) ("although the Appeals Council declined to review the decision of the ALJ, it reached this ruling after considering the case on the merits; examining the entire record, including the additional material; and concluding that the ALJ's decision was proper and that the additional material failed to provide a basis for changing the hearing decision. For these reasons, we consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council") (citations and quotations omitted); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

///
///
///
///

**DISCUSSION**

When a claimant makes a "colorable claim of mental impairment," 20 C.F.R. sections 404.1520a and 416.920a require that the ALJ either complete a Psychiatric Review Technique Form and append the Form to the decision, or incorporate the Technique Form's mode of analysis into the findings and conclusions of the decision. Keyser at 726. This rule has no application to the present case, however, because Plaintiff never made a "colorable claim of mental impairment."

Plaintiff failed to make a "colorable claim of mental impairment" to the ALJ. Indeed, Plaintiff then presented no claim of mental impairment at all, expressly denying any mental illness, impairment, or treatment. The ALJ cannot be faulted for failing to address a non-issue. See Bowman v. Astrue, 2011 WL 3323383, at *2 (C.D. Cal. Aug. 2, 2011) (no Keyser error where the ALJ did not receive any medical evidence of a medically determinable mental impairment).

Plaintiff also failed to make a "colorable claim of mental impairment" to the Appeals Council.[1] The scant evidence of a mental

---

[1] The Court assumes, arguendo, that Keyser and sections 404.1520a and 416.920a apply with equal force to claims made to the Appeals Council on evidence submitted to the Appeals Council for the first time. But see Gomez v. Chater, 74 F.3d 967, 972 (9th Cir.), cert. denied, 519 U.S. 81 (1996) ("The Appeals Council [was] not required to make any particular evidentiary finding" when rejecting newly submitted evidence from a vocational expert); see also Taylor v. Commissioner, 659 F.3d 1228, 1232 (9th Cir. 2011) (appearing to extend the Gomez holding to medical opinion submitted for the first time to the Appeals Council); Miller v. Apfel, 244 F.3d 1, 4 n.2 (1st Cir. 2001), cert. denied, 534 U.S. 1085 (2002)
(continued...)

impairment presented for the first time to the Appeals Council postdated the relevant time frame by more than eight months, did not purport to opine regarding Plaintiff's condition during the relevant time period, and did not reflect any functional limitation.

The facts of the present case are dramatically different from the facts in Keyser.  In Keyser, the ALJ had disregarded treating physicians' opinions that mental illnesses (including bipolar disorder, paranoid and schizotypal personality traits, severe depression and generalized anxiety disorder) significantly impacted the claimant's ability to work in a variety of respects.  See Keyser at 723-24, 726.  The facts of the present case are more akin to the facts in Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987) ("Sanchez").  In Sanchez, the Ninth Circuit deemed psychological evaluations prepared after the Administration's final decision to indicate "at most, mental deterioration after the hearing, which would be material to a new application, but not probative of [the claimant's] condition at the hearing.  Sanchez's mental condition was not significantly at issue at the hearing [before the ALJ].  He reported some loss of concentration, depression and anxiety as a

///
///
///
///

---

[1](...continued)
(observing that circuit courts are divided with respect to the proper scope of judicial review when the Appeals Council considers new evidence but denies further administrative review).

result of his back condition." Id. at 511-12.[2]

In sum, the rule of Keyser does not require this Court to discern harmful error on the facts of the present case. The administrative decision is supported by substantial evidence and is free from material legal error. There is no substantial likelihood that any alleged error materially affected the disability analysis. See McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011) (discussing general harmless error standard applicable in social security disability cases).

## CONCLUSION

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 8, 2012.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Sanchez decision appears to have addressed evidence submitted to the court rather than to the Appeals Council. Nevertheless, the factual parallel is instructive with regard to the late-submitted evidence's lack of probity.

8